**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

RONALD MORRIS III,  )
)
*Plaintiff,*  )
)
v.  )
)
TRISTAN BOYER, et al.,  )   No. 4:26-cv-01131-JMD
)
*Defendant.*  )
)
)
)

**MEMORANDUM AND ORDER**

*Pro se* inmate Ronald Morris sues two corrections officers under 42 U.S.C. § 1983 for failure to protect him from rape.  He moved to proceed *in forma pauperis* and for counsel, ECF 2; 3, so the Court assess his complaint under 28 U.S.C. § 1915(e).  But it is clear from the face of his complaint that he failed to exhaust his administrative remedies.  Morris alleges that he completed all steps of the prison's grievance process.  The documents he provided, however, establish that he never complained about the rape.  His grievance forms instead contradict his complaint.  The Court dismisses his complaint without prejudice and denies his other motions as moot.

Prisoners must exhaust internal grievance procedures before suing about prison conditions. Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997(e)(a).  This means exhausting the internal grievance procedures created by the prison because "it is the prison's requirements, and not the [Act], that define the boundaries of proper exhaustion."  *Jones v. Bock*, 549 U.S. 199, 218 (2007).  This requirement governs *all* actions concerning prison conditions, *Porter v. Nussle*,

1

534 U.S. 516, 524 (2002), including those alleging failure to protect, *Mace v. Smith*, No. 3:17-CV-283-CRS, 2018 WL 6728569, at *4 (W.D. Ky. Dec. 21, 2018).

Although exhaustion is an affirmative defense, "a court may dismiss a complaint for failure to exhaust administrative remedies if it is plain on the face of the complaint that a grievance procedure has not been exhausted." *Davis v. Torshein*, No. 1:22-cv-00080-SEP, 2022 WL 4299780, at *2 (E.D. Mo. Sept. 19, 2022) (citing *Jones*, 549 U.S. at 215–16). "A court may sua sponte dismiss a complaint" for this reason. *Custis v. Davis,* 851 F.3d 358, 361 (4th Cir. 2017); *see also Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) ("Under *Jones*, however, a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust."). Just so here.

Morris's claims "are limited to claims raised in [his] grievance." *Allen v. Kelley*, No. 5:17-CV-302-BRW-BD, 2019 WL 2062549 (E.D. Ark. Apr. 23, 2019), *report and recommendation adopted*, No. 5:17-CV-302-BRW-BD, 2019 WL 2062499 (E.D. Ark. May 9, 2019). Exhaustion is "mandatory" under the Act: "unexhausted claims cannot be brought in court." *Jones*, 549 U.S. at 211. Judges lack discretion to deviate from this mandate. *Ross v. Blake*, 578 U.S. 632, 638–39 (2016).

The grievance documents Morris included as part of his complaint do not raise the issue at the core of this lawsuit. He asserts in his complaint (1) that he told officers he feared for his life and wanted protective custody, but that (2) he then retracted that statement after his cellmate threatened him with a weapon (apparently to urge him to withdraw his statement), and (3) that his cellmate raped him after the officers left. His grievance forms, however, do not raise the same issue. The preprinted form required that Morris "be specific." ECF 1-1 at 2 (providing space for the complainant to "state [their] claim or problem briefly.

2

Only one issue.  Be specific.").  Morris wrote only "failure to protect" and "[p]lease [s]ee the following 3 pages."  *Id.*  But Morris never discussed a rape on those later pages.  He instead said *he* attacked his cellmate.  He stated that he stabbed his cellmate, who had "swung on [him]."  *Id.* at 4.  According to the grievance forms, Morris is now facing charges for attempted murder, and he seeks body camera footage to support his argument that he acted in self-defense.  But Morris makes "no mention" of the "specific factual allegations that would later appear in his federal complaint," namely the alleged rape.  *Townsend v. Murphy*, 898 F.3d 780, 784 (8th Cir. 2018).  He "did not even hint" that a rape occurred.  *Id.*  Because Morris never alleged rape, the prison "was not asked to evaluate . . . the distinct § 1983 claims" he raises in this case.  *Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014).  The allegation of rape is "a new grievance . . . completely unexhausted."  *Id.* at 1142 (citing *King v. Iowa Dep't of Corr.*, 598 F.3d 1051, 1053 (8th Cir. 2010)).

The Court may excuse an inmate's failure to exhaust when prison officials prevent him from using grievance procedures or when the officials themselves fail to comply with the procedures.  *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005).  But Morris has not alleged that here.  The face of his complaint reveals that he has not exhausted administrative remedies.

Even if Morris had exhausted his administrative remedies, the facts here do not rise to deliberate indifference.  Not every injury suffered by one prisoner at the hands of another prisoner creates constitutional liability.  *Whitson v. Stone Cnty. Jail*, 602 F.3d 920, 923 (8th Cir. 2010).  Although prison officials must take reasonable measures to protect inmates from violence, they infringe the Eighth Amendment "only when they exhibit a deliberate or callous indifference to [an inmate's] safety."  *Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018) (citation omitted).

The officers here were not deliberately indifferent to Morris's safety because Morris told them he did not need protective custody. Morris states that he only waived protective custody after his cellmate threatened him with a weapon and demanded that he lie to the officers. ECF 1 at 5. And he says he "hope[d]" the officers would notice he was lying. *Id*. These allegations establish that the officers lacked knowledge of any danger Morris potentially faced. Without that knowledge, they could not have been deliberately indifferent. Officers do not violate the Eighth Amendment when they fail to place an inmate in protective custody "based on his general fear for his safety." *Robinson v. Cavanaugh*, 20 F.3d 892, 895 (8th Cir. 1994). Officers are not deliberately indifferent when they fail to read between the lines. Morris's claim fails.

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. Morris's motion to proceed *in forma pauperis*, ECF 2, and motion to appoint counsel, ECF 3, are **DENIED AS MOOT**.

Dated this 28th day of July, 2026

_____
JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE
FOR THE EASTERN AND WESTERN
DISTRICTS OF MISSOURI

4